J-A21018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JESSICA MACK, on her own behalf and on behalf of other similarly situated persons | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 372 EDA 2023 |
| AVERTEST, LLC d/b/a/ AVERHEALTH | : : : | |

Appeal from the Order Entered January 13, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210500356

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 22, 2024**

Appellant Jessica Mack appeals from the January 13, 2023 order that granted summary judgment in favor of Appellee Avertest, LLC d/b/a Averhealth ("Averhealth").  After careful review, we affirm the grant of summary judgment, but rely on an analysis different from that of the trial court.

The relevant facts and procedural history are as follows.  Averhealth, pursuant to a contract with Lehigh County, conducts substance abuse testing for the county and the Lehigh County Court of Common Pleas ("Court").  The contract requires Averhealth to perform an immunoassay screening test on all

samples ("Screening Test").[1]  The Contract additionally provides that when the Court requests further testing on a sample, Averhealth is to conduct a liquid chromatography tandem mass spectrometry test ("Confirmation Test") to confirm the results of the Screening Test.[2]  The Confirmation Test is more accurate, but more expensive than the Screening Test.[3]

On July 14, 2017, the Court sentenced Ms. Mack to probation for a first offense of Driving Under the Influence.  The conditions of probation included that she abstain from drinking alcohol and submit to drug and alcohol testing by Averhealth.  Trial Ct. Op., 1/13/23, at 3.

On November 17, 2017, Ms. Mack submitted a specimen for testing, and the Screening Test revealed a positive test result for alcohol consumption.[4]

---

[1] Mot. for Summ. J., 5/19/22, Ex. G, County of Lehigh Contract of Service ("Contract"), App. A, Attach. A, at ¶ 6(b).  The Screening Test screens for various substances including Ethyl glucuronide, which "is a metabolite of ethanol" used as a "marker for consumption of alcoholic beverages."  Mot. for Summ. J., Ex. F., Aff. of Michele Glinn, Ph.D., at ¶ 8-9.  "[I]nnocent positive" results can occur when using the Screening Test because ethanol is also present in products such as mouthwash and hand sanitizers.  *Id.* at ¶ 11.

[2] *Id.* at ¶ 7; Contract at ¶ 6(e).

[3] Averhealth stated that the Contract set the rate at $13.00 for the Screening Test and $15.95 for the Confirmation Test.  Mot. For Summ. J. at ¶ 28; Contract, App. B.

[4] The trial court and the parties inconsistently identify the date on which Ms. Mack provided the relevant specimen.  The testing report, however, indicates that Ms. Mack provided the specimen on November 17, 2017, and the result "reported" on November 20, 2017.  Mot. for Summ. J., Ex. B at 50.  The specific date is not relevant to the issues before this Court.

On November 22, 2017, Ms. Mack's probation officer arrested and incarcerated Ms. Mack.

On the same day as her arrest, Averhealth received an order from the Court to perform a Confirmation Test on Ms. Mack's specimen, and it "reported" a negative result for alcohol consumption on November 24, 2017.[5]

Ms. Mack, however, remained incarcerated for 21 days.  As a result of the extended period of incarceration, Ms. Mack alleged that she lost her employment.

The record contains scant evidence relating to Ms. Mack's arrest and incarceration.[6]  This lack of evidence, however, does not impact our analysis which is focused on Ms. Mack's threshold burden to establish that Averhealth engaged in an act or failed to engage in act for which it owed Ms. Mack a duty. For that purpose, it is highly relevant that the record is devoid of any information about the manner in which Averhealth communicated the results of the Screening Test to the Court, the probation officer, or Ms. Mack; the

_____

[5] Mot. For Summ. J., Ex. E at 50.

[6] Specifically, the record indicates that the probation officer submitted a petition for a probation violation warrant on November 27, 2017, which states that Ms. Mack "failed to remain alcohol free."  Reply in Support of [Averhealth's] Mot. for Summ. J., Ex. I.  We emphasize that this was three days after Averhealth reported a negative Confirmation Test result.  For reasons unclear from the record, the Court still signed the warrant on December 1, 2017, denied bail, and ordered that a preliminary hearing be held within 14 days.  *Id.*  The parties have not directed this Court to any documentation relating to whether the Court held a preliminary hearing.  It appears that Ms. Mack was released from incarceration on December 12, 2017, prior to the expiration of the 14 days.

substance of those communications; and, most importantly, whether Averhealth disclosed the limitations of the Screening Test to the Court, the probation officer, or Ms. Mack.

On June 22, 2021, Ms. Mack, filed a class action complaint against Averhealth, claiming that Averhealth negligently breached its duty to her.[7] The trial court has not yet certified the class; thus, we review this action in terms of Ms. Mack's claim against Averhealth.

On May 19, 2022, Averhealth filed its Motion for Summary Judgment. It denied owing any duty to Ms. Mack beyond the duty to reasonably collect and handle drug testing samples, as established in *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215 (Pa. 2003). Averhealth also emphasized that it recommended Confirmation Testing "[w]here an initial screen indicates substance use and the patient denies use." Mot. for Summ. J. at ¶ 37. Indeed, the testing report for Ms. Mack's specimen expressly stated that,

_____

[7] Ms. Mack and her husband initially filed a complaint in federal court in October 2019. *Mack v. Avertest, LLC*, Civil Action No. 19-5106, 2020 WL 2039714, (E.D. Pa. Apr. 28, 2020). The amended complaint asserted federal civil rights violations pursuant to 42 U.S.C. § 1983 against Ms. Mack's probation officer, as well as state law claims against Averhealth. The federal court dismissed the claims against the probation officer based on qualified immunity and declined to exercise supplemental jurisdiction over the state law claims. *Id.* at 11.

In May 2021, Ms. Mack and her husband filed a Writ of Summons against Averhealth in addition to the Lehigh County Court Adult Probation and Parole Department, Ms. Mack's probation officer, and Lehigh County. In July 2021, Ms. Mack stipulated to the dismissal of the Lehigh County defendants, leaving only Averhealth as a defendant in the instant class action complaint.

Confirmation Testing "should be completed on any positive results prior to **taking judicial, employment or similar action."** Mot. for Summ. J., Ex. B. at 50 (emphasis added).

In response, Ms. Mack argued that Averhealth owed her a duty and breached that duty. Ms. Mack's articulation of the duty has evolved over the course of this litigation. Currently, she seeks recognition of the following duty:

> [A] duty to disclose the accuracy and limitations of a substance use screening test to an examinee submitting to a substance use test [and] to the Pennsylvania Courts enforcing probation depending on the outcome of the substance use test, when a more accurate (though less profitable) substance use test is available and the testing facility knows or should know that the more accurate test is not always administered to confirm substance use before an incarceration decision is made based on the outcome of the screening test.

Appellant's Br. at 6. In support of her duty, Ms. Mack relies upon ***Sharpe***, which imposed a duty on testing facilities to "exercise a reasonable degree of care to avoid erroneous test results occurring because of negligence." Appellant's Br. at 14 (quoting ***Sharpe***, 821 A.2d at 1221). Ms. Mack concludes that Averhealth owes this duty to all test-takers in Lehigh County and breached this duty "[b]y withholding information regarding the accuracy and limitations" of the Screening Test from test-takers and the Court. ***Id***. at 15.

On January 13, 2023, the trial court granted summary judgment to Averhealth, dismissing the Complaint. The trial court held that the duty established in ***Sharpe*** did not extend beyond the duty of "non-negligent collection and handling of urine specimens." Trial Ct. Op. at 6. It refused to extend that duty to include providing information to test-takers regarding the

limitations on the accuracy of the Screening Test. *Id. at* 7-10. The trial court also concluded that Ms. Mack did not demonstrate causation because she failed to show that she "would have taken the [C]onfirmation [T]est if she was informed of it[.]" *Id.* at 11-12.

On February 8, 2023, Ms. Mack filed her Notice of Appeal. On February 21, 2023, the trial court filed a Pa.R.A.P. 1925(a) Opinion incorporating its January 13, 2023 Opinion without requesting a Rule 1925(b) statement. Ms. Mack presents the following issues on appeal:

> 1. Where a complainant alleges that a testing facility failed to disclose to examinees and the Pennsylvania Courts the accuracy and limitations of a substance use screening test, should the [t]rial [c]ourt apply the duty recognized by the Pennsylvania Supreme Court in **Sharpe v. St. Luke's Hosp.**, 821 A.2d 1215, 1221 (Pa. 2003), that there is "a substantial public interest in ensuring that the medical facilities involved in [substance use] testing exercise a reasonable degree of care to avoid erroneous test results occurring because of negligence"?
>
> 2. Should the [t]rial [c]ourt find the existence of a duty to disclose the accuracy and limitations of a substance use screening test to avoid erroneous test results pursuant to the five factors enumerated by the Pennsylvania Supreme Court in **Althaus v. Cohen**, 756 A.2d 1166 (Pa. 2000)?
>
> 3. Should the [t]rial [c]ourt find the existence of a duty where a contract with a Pennsylvania county does not limit the testing facility's ability to disclose the accuracy and limitations of a screening test to examinees?

Appellant's Br. at 5.

We view these questions as Ms. Mack raising a single issue of whether Averhealth owed a duty to test-takers, such as Ms. Mack, to disclose the accuracy and limitation of the Screening Test to test-takers and the Court.

While Ms. Mack sets forth a colorable claim for extending the duty in **Sharpe**, we do not reach this issue and do not necessarily accept the trial court's analysis. Rather, as discussed below, we conclude that Ms. Mack, in response to Averhealth's Motion for Summary Judgment, failed to produce any evidence that Averhealth did not disclose the limitations of the Screening Test to the Court, her probation officer, or Ms. Mack prior to Ms. Mack's arrest, and thus, Ms. Mack failed to provide any evidence from which a court could conclude that Averhealth breached the duty that Ms. Mack alleges existed.

## A.

"An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." **Nicolaou v. Martin**, 195 A.3d 880, 892 (Pa. 2018). "[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." **Id.** at 891. The determination of whether genuine issues of material fact remain is a question of law. **Id.** at 892. Thus, "our standard of review is *de novo*[,] and our scope of review is plenary." **Id.**

A party may bring a motion for summary judgment following the completion of discovery if the "party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action[.]" Pa.R.Civ.P. 1035.2(2). A party responding to a summary judgment motion "may not rest upon the mere allegations or denials of the pleadings" but must, *inter alia*, identify "evidence in the record establishing the facts essential to

- 7 -

the cause of action[,]" "supplement the record[,] or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion[.]" *Id.* at 1035.3(a), (b). In adjudicating motions for summary judgment, courts "must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Nicolaou*, 195 A.3d at 891.

As Ms. Mack's claims sounds in negligence, she must establish the following elements: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." *Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 889 (Pa. 2019) (citation omitted).

**B.**

After careful review of the record, we find that the trial court properly granted Averhealth's Motion for Summary Judgment. We base this conclusion on the fact that Ms. Mack failed to meet her threshold burden to establish that Averhealth did not disclose information to the Court, her probation officer, or Ms. Mack about the limitations of the Screening Test. Without information about the communication between Averhealth and the probation officer, or anyone in a decision-making position at the Court, or between Averhealth and Ms. Mack, Ms. Mack has not provided evidence of an act or omission that could

lead to a breach of Averhealth's alleged duty to Ms. Mack. Baldly asserting that Averhealth failed to provide a proper disclosure is not evidence.

Instead of providing evidence of the actual communication regarding the testing from Averhealth to someone in the court system or to herself, Ms. Mack merely alleged that Averhealth did not disclose its "two-step testing system" or the availability of the Confirmation Test. Br. in Opp'n To [Averhealth's] Mot. For Summ. J., 6/24/22, at 5-6 (¶¶ 5-7). Ms. Mack places legal significance on her assertion that "[w]hile she was in handcuffs being led by her probation officer, [Ms. Mack] requested that a second test be done on her sample because she had not ingested alcohol or other illegal or proscribed substances." *Id*, 6/24/22, at 6 (¶ 11). It is not reasonable to infer from Ms. Mack's statement that she asked for additional testing that Averhealth did not inform her or the probation officer of the limitations of the Screening Test or the availability of the Confirmation Test, especially with the explicit limitations set forth in Averhealth's test results. This is evidence Ms. Mack could have obtained from deposing the relevant individuals.

Additionally, the documents that Ms. Mack submitted in response to Averhealth's Motion for Summary Judgment do not meet this threshold burden. Ms. Mack cited to an email exchange between Lehigh County and Averhealth in which she claimed that Averhealth "exaggerated the reliability" of the Screening Test by stating that the Confirmation Test was "rarely needed." *Id.* at 6-7 (¶¶ 15-16). We note initially that while Ms. Mack quoted most of the following paragraph from Averhealth, she omitted the final

sentence, which we emphasize recommends Confirmation Testing "prior to any punitive action":

> There are times where a specimen [may] screen positive and the confirmation results will be negative. This is a small percentage and is due to either cross reactivity during the initial test or because the specimen was below [the] cutoff level during the confirmation test, so it is reported as negative. Confirmation tests are rarely needed when clients are using the medication guide and avoiding medications that may cross react with the immunoassay testing. However, when a client adamantly denies substance use, the client should request a confirmation prior to any punitive action taken to ensure the specimen is positive for a specific analyte and to rule out any cross reactive.

*Id.* at 7 (¶ 16); Reply in Support of [Averhealth's] Mot. for Summ. J., Ex. J. Additionally, this email does not establish that Averhealth failed to provide a proper disclosure when it reported the results of the Screening Test to the Court, the probation officer, or Ms. Mack.

Ms. Mack also attached testimony of Averhealth's former employee, Dr. Sarah Riley, from a Michigan Family Court proceeding, in which Dr. Riley alleged that Averhealth's testing procedures resulted in a high number of false positives. Ms. Mack additionally submitted documentation indicating that the Michigan Children's Services Agency subsequently discontinued use of Averhealth's testing for a ninety-day period. Ms. Mack, however, presented no evidence regarding the testing of her specimen. This other evidence is irrelevant to establish the threshold issue to identify the manner in which Averhealth acted or failed to act when it reported the results of its Screening Test to the Court, the probation officer, or Ms. Mack.

In essence, Ms. Mack has lodged bald allegations of Averhealth's malfeasance but has not provided record evidence that Averhealth failed to disclose the limitations of the Screening Test. Accordingly, while on a different basis than the trial court, we agree that Ms. Mack failed to meet her threshold burden in response to Averhealth's Motion for Summary Judgment. ***See Lynn v. Nationwide Ins. Co.***, 70 A.3d 814, 823 (Pa. Super. 2013) (reiterating that the Superior Court "may affirm a trial court's ruling on any basis supported by the record on appeal"). Accordingly, we affirm the order granting summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024